UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01534-FWS-ADS            Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                                    Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT [21]**

     Plaintiff Daniel Flores brings this putative class action against Defendant United Parcel Service, Inc. related to Defendant's alleged unlawful employment practices. (*See generally* Dkt. 20 ("Second Amended Class Action Complaint" or "SAC").) Before the court is Defendant's Motion to Dismiss.[1] (Dkt. 21-1 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 23 ("Opp.").) Defendant filed a reply in support of the Motion. (Dkt. 25.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the

---

[1] Defendant also labels the Motion as a Motion to Strike, but Defendant only focuses on dismissing Plaintiff's claims for insufficient allegations. (*See generally* Mot.) Accordingly, the court construes the Motion only as a Motion to Dismiss. *See Brown Jordan Int'l Inc. v. Boles*, 375 F. App'x 700, 701 (9th Cir. 2010) ("[T]he label on a motion has little or no significance."); *United States v. Robles*, 2022 WL 1138111, at *1 (D. Guam Apr. 18, 2022) ("[A] court will construe a motion, however styled, to be the type proper for the relief requested."); *Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 635 (9th Cir. 1989) (courts "decide whether a motion, however styled, is appropriate for the relief requested" and the "nomenclature the movant uses is not controlling").

---

**CIVIL MINUTES – GENERAL**                             1

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01534-FWS-ADS | Date: January 5, 2026 |
| Title: Daniel Flores v. United Parcel Service, Inc. | |

hearing set for January 8, 2026, is **VACATED** and off calendar.  Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

**I.      Summary of the Second Amended Class Action Complaint's Allegations[2]**

Defendant is a company in the supply chain management business that facilitates shipping and receiving items.  (SAC ¶ 7.)  Among other issues raised in the SAC, Defendant mischaracterized Plaintiff as an exempt employee and Plaintiff was deprived of meal periods and rest breaks.  (*Id.* ¶¶ 18, 26.)  Plaintiff resigned from his position on March 3, 2023, due to these issues and the stress of his job.  (*Id.* ¶ 26.)

Plaintiff alleges claims against Defendant for (1) failure to pay wages, (2) failure to pay overtime wages, (3) failure to provide meal breaks, (4) failure to provide rest breaks, (5) failure to provide accurate wage statements, (6) failure to maintain and produce personnel records and payroll statements, (7) failure to pay all wages upon termination/resignation, and (8) unfair business practices ("UCL").  (*See generally id.* ¶¶ 52-122.)

**II.     Legal Standard**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a

___

[2] For purposes of the Motion, the court "accept[s] factual allegations in the [SAC] as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01534-FWS-ADS | Date: January 5, 2026 |
| Title: Daniel Flores v. United Parcel Service, Inc. | |

___

cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01534-FWS-ADS | Date: January 5, 2026 |
| Title: Daniel Flores v. United Parcel Service, Inc. | |

### III.    Analysis

Defendant moves to dismiss Plaintiff's claims for (1) failure to pay wages and overtime wages, (2) meal break violations and failure to provide rest breaks, (3) failure to provide accurate wage statements, (4) failure to maintain and produce personnel records and payroll statements, (5) failure to pay all wages upon termination or resignation, and (6) unfair business practices.  (Mot. at 11-22.)  The court addresses these claims as listed below.

####    A.    First and Second Claims: Failure to Pay Wages and Overtime Wages

The parties dispute whether Plaintiff's claims for failure to pay wages and overtime wages are sufficiently alleged.  (Mot. at 11-13; Opp. at 7-12.)

"Under California law, an employer must pay an employee at least the minimum wage for all hours worked."  *Barrett v. Saint-Gobain Glass Corp.*, 2024 WL 4828715, at *8 (C.D. Cal. Nov. 18, 2024) (citing Cal. Lab. Code §§ 1194, 1197).  In addition, an employer must pay an employee overtime wages for "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . at the rate of no less than one and one-half times" their regular rate.  Cal. Lab. Code § 510.  To state a claim for unpaid wages, "at a minimum, a plaintiff . . . must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week."[3]  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (citations omitted).  Although a plaintiff need not allege "detailed factual allegations regarding the number of overtime hours worked" or "mathematical precision," "conclusory allegations that merely recite the statutory language are [not] adequate" to plausibly allege a claim.  *Id.* at 644-46; *see also Tan v. GrubHub Inc.*, 171 F. Supp. 3d 998,

___

[3] Although *Landers* involved hourly and overtime wage claims under the Federal Fair Labor Standards Act, 771 F.3d at 641-46, the Ninth Circuit has applied its legal reasoning in *Landers* to parallel claims under California state law.  *See, e.g.*, *Boyack*, 812 F. App'x at 430-31 (concluding that plaintiffs failed to allege their California Labor Code claims for unpaid wages under *Landers*); *Carter v. Rasier-CA, LLC*, 724 F. App'x 586, 587 (9th Cir. 2018) (affirming district court's application of *Landers* to plaintiff's claims arising under state and federal law).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS                                    Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

1007 (N.D. Cal. 2016) ("*Landers* clarifies that mere conclusory allegations that class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week—without any further detail fall short of *Twombly/Iqbal*.").

  The court finds that Plaintiff fails to sufficiently allege his claims for unpaid wages and overtime wages. Plaintiff alleges that, "[o]n days when [Plaintiff] worked in excess of 8 hours, or weeks where he worked in excess of 40 hours, [Defendant] failed to pay overtime compensation for the excess hours." (SAC ¶ 21.) Plaintiff further alleges that, "during his employment[,] [Plaintiff] worked in excess of eight hours on approximately four workdays per month, about once a week. Additionally, during the holiday season, from November till the end of December, he worked in excess of eight hours every workday. [Defendant] paid him a flat amount because it misclassified him as exempt and did not pay the overtime premiums owed for those excess hours." (*Id.* ¶ 22.) And finally, Plaintiff alleges that other supervisors "regularly worked more than 8 hours in a day, or more than 40 hours in a workweek. However, they were not compensated with overtime wages." (*Id.* ¶ 59.) Because Plaintiff merely alleges that he was not paid overtime wages for working excess hours in some weeks, the court finds that Plaintiff fails to sufficiently allege his claims for unpaid wages and overtime wages. *See, e.g.*, *Boyack v. Regis Corp.*, 812 F. App'x 428, 430-31 n.1 (9th Cir. 2020) (affirming dismissal of overtime claim where the plaintiffs "merely alleged specific weeks for which they are 'owed' a specified amount of overtime pay" because "[t]his is a legal conclusion for which the complaint contains no supporting factual allegations, such as the number of hours worked compared to the number of hours for which compensation was given"); *Landers*, 771 F.3d at 646 (concluding the plaintiff "failed to provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week" given that he "merely alleged that he was not paid for overtime hours worked" (citation modified)). Accordingly, the Motion is **GRANTED** as to Plaintiff's claims for failure to pay wages and failure to pay overtime wages.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS                            Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

_____

      **B.**      **Third and Fourth Claims: Meal Break Violations and Failure to Provide Rest Breaks**

      The parties dispute whether Plaintiff's claims for meal break violations and failure to provide rest breaks are sufficiently alleged. (Mot. at 13-15; Opp. at 12-13.)

      Under California law, "[a]n employer generally must provide a 30-minute meal period to all nonexempt employees who work more than five hours, and a second 30-minute meal period to employees who work more than 10 hours." *Lampe v. Queen of the Valley Med. Ctr.*, 19 Cal. App. 5th 832, 847 (2018) (citations omitted); Cal. Labor Code § 512. In addition, employers "shall not require an employee to work during a meal or rest or recovery period" required by the wage orders of the Industrial Welfare Commission. Cal. Lab. Code § 226.7(b); *see, e.g.*, IWC Wage Order No. 4-2001 § 12 (setting out rest periods applicable to professional, technical, clerical, mechanical, and similar occupations). "If an employer does not provide an employee with a compliant meal [or rest] period, then the employer must provide the employee with premium pay for the violation" equivalent to "one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal [or rest] period is not provided." *Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 67 (2021) (internal quotation marks and citation omitted); *see also* Cal. Lab. Code § 226.7(c).

      District courts in the Ninth Circuit have concluded that *Landers*' requirement "that a plaintiff must plead a specific instance of alleged wage and hour violations also applies to claims about missed meal and rest periods." *Guerrero v. Halliburton Energy Servs., Inc.*, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) (collecting cases); *see also Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1032-33 (C.D. Cal. 2017) (applying *Landers*' standard to plaintiff's meal and rest period claims). The court is persuaded that, "at a minimum, a complaint must include plausible factual allegations that the plaintiff was a victim of the defendant's alleged violations of the labor laws." *Sanchez v. Ritz Carlton*, 2015 WL 5009659, at *2 (C.D. Cal. Aug. 17, 2015); *accord Yorba v. Gov't Emps. Ins. Co.*, 2024 WL 3448090, at *4 (S.D. Cal. July 17, 2024) (adopting same reasoning).

      The court finds that Plaintiff fails to sufficiently allege his claims for meal break violations and failure to provide rest breaks. Plaintiff alleges Defendant "kept shifts

_____

**CIVIL MINUTES – GENERAL**                                                  6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS                                         Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

understaffed and required [Plaintiff] to remain on duty throughout his shifts to oversee operations" and "[d]uring active operations, [Plaintiff] was the only supervisor available to coordinate crews and respond to management communications, and no relief was provided to allow him to take uninterrupted meal or rest periods."  (SAC ¶ 23.)  Additionally, Plaintiff alleges that "during high-volume periods such as the holiday season from November through December, [Plaintiff] was unable to take his required meal periods and rest breaks because [Defendant] required him to remain on site and continue supervising operations."  (*Id.*)  Plaintiff further alleges that Defendant did not provide any meal breaks or rest periods to its supervisors nor did Defendant have a policy or procedure which allowed supervisors to take meal breaks or rest periods during their workday.  (*Id.* ¶¶ 75, 82.)  Again, Plaintiff recites the statutory language and fails to allege facts in support of these conclusory allegations, including, for example, "a specific corporate policy prohibiting those breaks or a specific instance or instances in which [Plaintiff] [was] denied a required break."  *Ramirez v. HV Glob. Mgmt. Corp.*, 2022 WL 2132916, at *4 (N.D. Cal. June 14, 2022).  Because Plaintiff merely recites the statutory language and does not allege a specific policy prohibiting a required break or instance where Plaintiff was denied a required break, the court finds that Plaintiff fails to sufficiently allege his claims for meal break violations and failure to provide rest breaks.  *See Landers*, 771 F.3d at 642; *see also Raphael v. Tesoro Ref. & Mktg. Co. LLC*, 2015 WL 4127905, at *3 (C.D. Cal. July 8, 2015) (granting the motion to dismiss where plaintiff's allegations "read the same way, barren of facts describing . . . specific practices engaged in by [defendant] and instead only offers conclusory language"); *see also, e.g.*, *Garza v. WinCo Holding, Inc.*, 2022 WL 902782, at *15 (E.D. Cal. Mar. 28, 2022) (finding insufficient allegations that plaintiff could not take a rest period because of heavy workload).  Accordingly, the Motion is **GRANTED** as to Plaintiff's claims for meal break violations and failure to provide rest breaks.

  C.  **Fifth Claim: Failure to Provide Accurate Wage Statements**

  The court considers whether Plaintiff's claim for failure to provide accurate wage statements (1) is sufficiently alleged and (2) barred by California Civil Procedure Code Section 340.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS   Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

    **1.    Sufficiency of Allegations**

The parties dispute whether Plaintiff's claim for failure to provide accurate wage statements is sufficiently alleged. (Mot. at 16-17; Opp. at 15-16.)

California Labor Code Section 226(a) requires employers to provide employees with "an accurate itemized statement in writing" showing, *inter alia*, "gross wages earned," "all deductions," "net wages," and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code § 226(a). "To state a claim for failure to provide accurate wage statements, a plaintiff must plead factual allegations sufficient to raise a plausible inference that the employer knowingly and intentionally failed to include at least one of the required items of section 226(a), thereby causing injury." *Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, 2023 WL 5246264, at *7 (C.D. Cal. Aug. 14, 2023) (citing *Brewer v. Gen. Nutrition Corp.*, 2015 WL 5072039, at *5 (N.D. Cal. Aug. 27, 2015)); *see also* Cal. Lab. Code § 226(e) (stating "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a)" is entitled to various damages).

The court finds that Plaintiff fails to sufficiently allege claims for failure to provide accurate wage statements. Plaintiff alleges that Defendant provided supervisors with wage statements irregularly. (SAC ¶ 89.) Plaintiff further alleges that the wage statements did not accurately reflect the total hours worked in specific pay periods, applicable hourly rates, and actual gross wages earned. (*Id.*) However, Plaintiff does not allege a specific instance of a failure to provide an accurate wage statement. (*See generally id.*) Nor does Plaintiff allege "any facts that establish [Defendant] knowingly and intentionally failed to provide him accurate wage statements." *Vargas v. Lockheed Martin Corp.*, 2025 WL 2963030, at *5 (C.D. Cal. Oct. 20, 2025); *Bernardo v. Carl's Jr. Restaurants LLC*, 2025 WL 1755136, at *12 (C.D. Cal. June 23, 2025) (similar). Because Plaintiff fails adequately allege a specific instance of Defendant's failure to provide an accurate wage statement or that Defendant knowingly and intentionally failed to provide such statement, the court finds that Plaintiff fails to sufficiently allege his failure to provide wage statements claims. *See, e.g., Vargas*, 2025 WL 2963030, at *5 (finding plaintiff failed to allege a claim for failure to provide accurate wage statements because plaintiff "does not identify a single specific instance, out of the generally alleged 'numerous occasions,'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS  Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

where Boeing failed to provide him an accurate wage statement"); *Ritenour*, 228 F. Supp. 3d at 1033 (dismissing wage-statement claim under *Landers* because plaintiff "fail[ed] to describe a single instance" in which defendant did not provide accurate wage statements). Accordingly, the Motion is **GRANTED** as to Plaintiff's claim for failure to provide accurate wage statements.[4] Even though this claim is insufficiently alleged, the court will address whether this claim is barred by the one-year statute of limitations, *see* Section III.C.2, *infra*.

### 2. California Civil Procedure Code Section 340

Defendant argues that Plaintiff's claim for failure to provide accurate wage statements is barred by the one-year statute of limitations, relying on California Civil Procedure Code Section 340. (Mot. at 15-16.) Plaintiff responds that this claim is barred only to the extent it seeks statutory penalties. (Opp. at 13-15.)

"California has a one-year statute of limitations for '[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, [...] except if the statute imposing it prescribes a different limitation.'" *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *7 (C.D. Cal. June 29, 2017) (quoting Cal. Civ. Proc. Code § 340). Here, Plaintiff alleges that his employment ended on March 3, 2023, (SAC ¶ 26), and filed this action on July 14, 2025, (Dkt. 1).

Because Plaintiff filed this case over one year after his employment ended, the court would find that Plaintiff's claim for failure to provide accurate wage statements is barred to the extent Plaintiff seeks penalties for violation of Section 226(a). *See* Cal. Civ. Proc. Code § 340; *see also Feao*, 2017 WL 2836207, at *7 (dismissing plaintiff's claim for non-compliant wage statements to the extent it seeks statutory penalties under Section 226(a) due to the one-year

---

[4] To the extent Plaintiff's claim for failure to provide accurate wage statements is based on Plaintiff's deficient failure to pay wages and overtime wages, to provide rest breaks, and meal break violation claims, the court finds that it fails for the same reasons as those claims, *see* Section III.A and B, *supra*. *See, e.g.*, *Verduzco*, 2023 WL 4626934, at *3; *Ramirez*, 2022 WL 2132916, at *4; *Alvarado v. Amazon.com, Servs. LLC*, 2022 WL 899850, at *2 (N.D. Cal. Mar. 28, 2022).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS  Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

___

statute of limitations); *Singer v. Becton, Dickinson & Co.*, 2008 WL 2899825, at *5 (S.D. Cal. July 25, 2008) ("Although [p]laintiff may not seek penalties for a violation [of Section] 226(a) because of the one year statute of limitations, claims for actual damages and injunctive relief for a violation of [Section] 226(a) are timely because they have been brought within the three year statute of limitations and constitute 'liability created by statute, other than a penalty or forfeiture.'" (quoting Cal. Civ. Proc. Code § 338(a)).

### D.   Sixth Claim: Failure to Maintain and Produce Personnel Records and Payroll Statements

The court considers, in turn, whether Plaintiff's claim for failure to maintain and produce personnel records and payroll statements (1) presents a private right of action under California Labor Code Section 1174, (2) the sufficiency of the supporting allegations, and (3) is barred by the statute of limitations.

First, Defendant argues that Plaintiff's claim for failure to maintain and produce personnel records and payroll statements fails to the extent it is based on California Labor Code Section 1174. (Mot. at 17-18.) "Plaintiff concedes that there is no private right of action under Labor Code Section 1174." (Opp. at 16.) California Labor Code Section 1174 sets forth duties of employers, requires every person employing labor in California "keep . . . payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, . . . for not less than three years." Cal. Lab. Code § 1174(d). The court concludes that Section 1174 does not provide a private right of action and therefore the Motion is **GRANTED** to the extent Plaintiff seeks relief under Section 1174. *See Verduzco v. French Art Network LLC*, 2023 WL 4626934, at *3 (N.D. Cal. July 18, 2023) ("Labor Code §§ 1174 and 1175 do not provide for a private right of action."); *see also Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 958 (N.D. Cal. 2016) (agreeing with defendant that the Section 1174(d) claim fails because it does not contemplate a private right of action).

Second, Defendant argues that Plaintiff fails to adequately allege a claim for failure to produce records under California Labor Code Section 1198.5. (Mot. at 18.) Plaintiff responds

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS                               Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

that he is "willing to amend the [SAC] to allege" facts regarding his employee records.  (Opp. at 17.)  Section 1198.5 provides that "[e]very current and former employee . . . has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."  Cal. Labor Code § 1198.5.  Here, Plaintiff alleges that he "requested the personnel file, wage records and other documents related to [Plaintiff]'s employment with [Defendant].  [Defendant] failed to produce these documents in the time prescribed by the California Labor Code."  (SAC ¶ 97.)  The court finds such allegations insufficient because Plaintiff merely recites the statutory language.  Accordingly, the Motion is **GRANTED** as to Plaintiff's claim for failure to maintain and produce personnel records and payroll statements under Section 1198.5

Third, Defendant argues that Plaintiff's claim for failure to maintain and produce personnel records and payroll statements is barred by the one-year statute of limitations under California Civil Procedure Code § 340.  (Mot. at 18.)  For the reasons discussed above, *see* Section III.C.2, *supra*, the court would find that Plaintiff's claim for failure to maintain and produce personnel records and payroll statements is barred to the extent Plaintiff seeks penalties.

    **E.**    **Seventh Claim: Failure to Pay All Wages Upon Termination/Resignation**

Defendant argues that Plaintiff fails to allege the manner his employment ended, specifically whether he resigned or was terminated.  (Mot. at 18-19.)  Plaintiff does not adequately address this argument, asserting that he was not paid all wages, overtime wages, or provided meal and rest break premiums.  (Opp. at 17.)

Under California Labor Code Section 201(a), "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Alternatively, if an employee without "a written contract for a definite period" resigns, "wages shall become due and payable not later than 72 hours thereafter," or, if the employee gave seventy-two hours' notice of resignation, "at the time of quitting."  *Id.* § 202(a).  "If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits," the employee is entitled to waiting time penalties.  *Id.* § 203(a).  "To state a claim for failing to timely pay wages upon termination, courts in the circuit have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS                               Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

required plaintiffs to allege when their 'employment with Defendant ended,' and 'exactly what wages were earned and unpaid.'" *Wilcox*, 2023 WL 5246264, at *7 (quoting *Guerrero*, 2016 WL 6494296, at *8) (collecting cases).

The court finds that Plaintiff fails to adequately allege his claim under Section 201. Plaintiff alleges that Defendant did not "pay[] all wages upon termination." (SAC ¶ 109.) Yet Plaintiff also alleges that he "resigned from his employment at UPS." (*Id.* ¶ 26.) The court find these allegations inadequate because Plaintiff does not clearly indicate how he separated from his employment with Defendant. *See Quevedo v. Macy's Inc.*, 2009 WL 10655207, at *3 (C.D. Cal. July 6, 2009) ("The plain language of sections 201 and 202 indicates that the provisions, though related, are mutually exclusive."); *see also, e.g.*, *Castanon v. Winco Holdings, Inc.*, 2021 WL 4480846, at *4 (E.D. Cal. Sept. 30, 2021) (finding that plaintiff failed to allege claim under Section 201 and 202 where the complaint "contains absolutely no facts about just how [p]laintiff separated from employment," preventing the court from determining what basis plaintiff seeks to hold defendant liable). The court also finds these allegations insufficient because Plaintiff fails to allege facts regarding the wages earned or expected. *See, e.g.*, *Wilcox*, 2023 WL 5246264, at *7 (dismissing plaintiff's claim for failure to pay all wages upon termination where the plaintiff "fail[ed]to provide even a modicum of factual detail, such as the date of her termination, the wages earned, and the wages expected . . . which renders her factual allegations too sparse to satisfy Rule 8"); *Lyter v. Cambridge Sierra Holdings, LLC*, 2017 WL 8186044, at *6 (C.D. Cal. July 25, 2017) (dismissing plaintiff's claim for waiting time penalties where "[p]laintiff does not even allege the date she was terminated or the date she received her final paycheck, let alone any specific facts giving rise to an inference that [defendant] systematically failed to pay class members' wages on separation"). Accordingly, the Motion is **GRANTED** as to Plaintiff's claim for failure to pay all wages upon termination/resignation.[5]

---

[5] To the extent Plaintiff's claim for failure to pay all wages upon termination/resignation is based on Plaintiff's deficient failure to pay wages and overtime wages, to provide rest breaks, and meal break violation claims, the court finds that it fails for the same reasons as those claims. *See, e.g.*, *Verduzco*, 2023 WL 4626934, at *3 (dismissing derivative claims for deficient wage statements and failure to pay all wages upon separation where predicate wage, meal period, and rest break claims were not adequately pled); *Alvarado*, 2022 WL 899850, at *2 (similar).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS                                  Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

### F.     Eighth Claim: Unfair Business Practices

The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. Code § 17200. "Each of these three adjectives captures a separate and distinct theory of liability," *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (internal quotation marks omitted), and "[a]n act can be alleged to violate any or all of the three prongs of the UCL," *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). The UCL's coverage is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *CelTech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotation marks omitted).

"[T]he UCL provides only for equitable remedies." *Hodge v. Superior Ct.*, 145 Cal. App. 4th 278, 284 (2006). As the Ninth Circuit explained in *Sonner v. Premier Nutrition Corp.*, "the traditional principles governing equitable remedies in federal courts . . . apply when a party requests restitution under the UCL . . . in a diversity action." 971 F.3d 834, 844 (9th Cir. 2020). Under those principles, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Id.*; *accord Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) ("In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy."). In *Sonner*, the Ninth Circuit affirmed the district court's order dismissing plaintiff's claims for equitable restitution under the UCL because the operative complaint did "not allege that [the plaintiff] lack[ed] an adequate legal remedy" and the plaintiff "concede[d] that she [sought] the same sum in equitable restitution . . . as she requested in damages to compensate her for the same past harm." 971 F.3d at 844.

The court finds that Plaintiff fails to adequately allege his unfair business practices claim. Plaintiff alleges that he "lack[s] an adequate remedy at law because monetary damages under the Labor Code do not provide complete relief for Defendant's ongoing and future unfair business practices, and legal remedies may not be available for all periods of violation or all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS    Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

forms of restitution sought." (SAC ¶ 121.) The court finds such allegations conclusory because Plaintiff merely recites the statutory language. *Sonner*, 971 F.3d at 844. The court further finds that Plaintiff's UCL claim fails both because Plaintiff fails to sufficiently allege an inadequate remedy at law and because the UCL claim is premised on Plaintiff's deficient wage-and-hour law claims. *See id.* (affirming dismissal of claims for equitable restitution where "the operative complaint d[id] not allege that [plaintiff] lack[ed] an adequate legal remedy"); *Pelayo v. Hyundai Motor Am., Inc.*, 2021 WL 1808628, at *9 (C.D. Cal. May 5, 2021) ("*Sonner* stands for the proposition that a plaintiff's failure to plead inadequate remedies at law dooms the claim for equitable relief at any stage.") (citation and internal quotation marks omitted); *Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *7-8 (C.D. Cal. Nov. 30, 2020) (dismissing claims for equitable relief where complaint failed to allege plaintiff "lack[ed] an adequate legal remedy"). Accordingly, the Motion is **GRANTED** as to Plaintiff's UCL claim.[6]

### G. Summary and Leave to Amend

In summary, the court finds that Plaintiff fails to sufficiently allege his claims for unpaid wages and overtime wages, meal break violations and failure to provide rest breaks, failure to provide wage statements, failure to maintain and produce personnel records and payroll statements under Section 1198.5, failure to pay all wages upon termination/resignation, and unfair business practices. The court further finds that Plaintiff's claim for failure to provide accurate wage statements is barred to the extent Plaintiff seeks penalties. In addition, the court concludes that Section 1174 does not provide a private right of action and Plaintiff's claim for failure to maintain and produce personnel records and payroll statements under Section 1198.5 is barred to the extent Plaintiff seeks penalties. The court also finds that Plaintiff fails to

---

[6] Plaintiff argues that he may properly plead a request for equitable relief in the alternative at the pleading stage. (Opp. at 18-19.) The court notes this argument "has been explicitly rejected by numerous courts post-*Sonner*." *Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *4 (C.D. Cal. Dec. 14, 2022) (collecting cases); *Diaz v. Georgia Pac. Corrugated LLC*, 2022 WL 20689543, at *3 (C.D. Cal. Oct. 27, 2022) ("Diaz argues that he may plead his claim for equitable relief in the alternative, but that argument was foreclosed by *Sonner*."). However, the court need not decide whether Plaintiff may plead a request for equitable relief in the alternative because Plaintiff has failed to sufficiently allege an inadequate remedy at law.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01534-FWS-ADS                        Date: January 5, 2026
Title: Daniel Flores v. United Parcel Service, Inc.

___

adequately allege his unfair business practices claim. And finally, the court finds that Plaintiff's claims fail to the extent its premised on deficient wage-and-hour law claims.

However, because the court cannot determine at this stage that granting leave to amend would be futile, the court will grant Plaintiff leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'") (quoting *Balistreri*, 901 F.2d at 701); *Ctr. for Bio. Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) ("Amendment is futile when 'it is clear . . . that the complaint could not be saved by any amendment.'") (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022)). Accordingly, the court **GRANTS LEAVE TO AMEND**.

**IV. Disposition**

For the reasons stated above, the court **GRANTS** the Motion. Plaintiff's claims are **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff believes he can cure the deficiencies described in this Order, Plaintiff shall file any amended complaint on or before **January 26, 2026**. Failure to file an amended complaint on or before the deadline set by the court will result in the dismissal of this action with prejudice without further notice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (citation modified); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01534-FWS-ADS | Date: January 5, 2026 |
| Title: Daniel Flores v. United Parcel Service, Inc. | |

"[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").